

# IN THE
# TENTH COURT OF APPEALS

────────────

### No. 10-22-00042-CV

**TRAVIS WAYNE NEWMAN,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

────────────

**From the 220th District Court**
**Bosque County, Texas**
**Trial Court No. CV21-075**

## MEMORANDUM OPINION

In February of 2022, while acting pro se, appellant Travis Wayne Newman filed what appeared to be a notice of appeal challenging a default judgment dismissing his suit against the State. On July 18, 2023, following briefing by both parties, Newman filed a motion seeking thirty days to allow newly retained counsel to file an amended brief, and we granted that motion. Newman's amended brief indicates that he never

intended to file notice of appeal and that the trial and appellate courts erred in construing his filing as such. He further indicates that he has outstanding arguments that remain unresolved by the trial court.

A litigant has discretion to perfect and prosecute an appeal. *See* TEX. R. APP. P. 42.1. That said, we have no jurisdiction over a controversy in absence of a properly filed notice of appeal. *See Triad Indus., Inc. v. Clear Water, Inc.*, No. 10-18-00340-CV, 2019 WL 81955, at *1 (Tex. App.—Waco Jan. 2, 2019) (mem. op.) ("[A]bsent a timely filed notice of appeal, we must dismiss the appeal." (citing TEX. R. APP. P. 25.1(b))); TEX R. CIV. P. 509.8(b) (outlining elements necessary for perfection of appeal). Accordingly, we dismiss the appeal for want of jurisdiction without comment as to the merits of any determinations below and without prejudice as to the filing of an appeal in the future.

MATT JOHNSON
Justice

Before Chief Justice Gray,
 Justice Johnson, and
 Justice Smith
 (Chief Justice Gray dissents)
Dismissed for Want of Jurisdiction
Opinion delivered and filed August 30, 2023
[CV06]

